53 A.3d 1207

IN THE MATTER OF MARVIN S. DAVIDSON, AN ATTORNEY
AT LAW (ATTORNEY NO. 255181969).

October 16, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–042 and DRB 12–052, concluding that **MARVIN S. DAVIDSON** of **WEST ORANGE,** who was admitted to the bar of this State in 1969, and who has been suspended from the practice of law since September 6, 2010, should be suspended from the practice of law for a period of one year for his violations of *RPC* 1.15(b) (failure to promptly turn over client funds), *RPC* 1.15(d)(failure to comply with the provisions of *Rule* 1:21–6), and *RPC* 8.1(b)(failure to respond to law demand for information from disciplinary authorities);

And the Disciplinary Review Board having further concluded that the period of suspension should be consecutive to the six-month term of suspension ordered by the Court on November 30, 2010 (D–139–09), effective March 7, 2011;

And the Disciplinary Review Board having further concluded that on reinstatement to practice, respondent should practice law under supervision;

And good cause appearing;

It is ORDERED that **MARVIN S. DAVIDSON** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective September 8, 2011; and it is further

ORDERED that respondent shall comply with the conditions imposed by the Court in the Orders filed July 14, 2010, and November 30, 2010; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall enroll in and complete ten hours of courses in

professional responsibility approved by the Office of Attorney Ethics and submit proof of his satisfactory completion thereof to the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the Office of Attorney Ethics deems respondent capable of unsupervised practice and until the further Order of the Court; and it is further

ORDERED that respondent shall submit monthly reconciliations of his attorney accounts to the Office of Attorney Ethics on a quarterly basis, which reconciliations shall be prepared by an accountant approved by the Office of Attorney Ethics, until the further Order of the Court; and it is further

ORDERED that respondent shall submit proof to the Office of Attorney Ethics that he has repaid the funds in the *Bost* matter or has taken the required steps to deposit the funds into court to resolve any dispute about their disposition; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.